IN THE MATTER OF: THE ESTATE OF JAMES L. BROWN

No. 7820SC335

(Filed 20 February 1979)

**Executors and Administrators § 23— widow's year's allowance—life insurance and joint bank account proceeds**

Proceeds of a life insurance policy and a joint bank account paid to a widow were not chargeable against the widow's year's allowance under G.S. 30-15, notwithstanding the deceased left a will under the terms of which the widow did not receive any property from the estate.

APPEAL by respondent executor from *McConnell, Judge.* Judgment entered 14 November 1977 in Superior Court, MOORE County. Heard in the Court of Appeals 19 January 1979.

This is an appeal from an order determining that the proceeds of a life insurance policy and the surviving spouse's portion of a joint bank account with right of survivorship are not a part of the surviving spouse's year's allowance.

At the death of James L. Brown, his widow, Lauretta L. Brown, received $2,694.98 as beneficiary of an insurance policy on the life of James L. Brown and $825.00 as her share of a joint bank account with right of survivorship which she had owned with her late husband. By his will, James L. Brown gave to Lauretta L. Brown one-sixth of his net estate with the direction that any property passing to her by right of survivorship and any proceeds of life insurance policies be included in his estate for the purpose of calculating her share. The proceeds of the life insurance policy and the funds received by Lauretta L. Brown exceeded one-sixth of the decedent's net estate. Lauretta L. Brown did not dissent from the will, but made application for a year's

allowance which was allowed by a magistrate from funds of the estate which did not include the proceeds from the insurance policy or the joint bank account. On appeal to the superior court, Judge McConnell held, as had the magistrate, that the proceeds of the life insurance policy and the funds from the joint bank account were not properly charged against Lauretta L. Brown's year's allowance and ordered the executor to pay $2,000.00 to Lauretta L. Brown from assets of the estate. The executor appealed to this Court.

*Seawell, Pollock, Fullenwider, Robbins and May, by P. Wayne Robbins, for respondent appellant.*

*Johnson, Poole and Webster, by W. Terrell Webster, Jr., for petitioner appellee.*

WEBB, Judge.

G.S. 30-15 provides:

"Every surviving spouse of an intestate or of a testator, whether or not he has dissented from the will, shall, unless he has forfeited his right thereto as provided by law, be entitled, out of the personal property of the deceased spouse, to an allowance of the value of two thousand dollars ($2,000) for his support for one year after the death of the deceased spouse. Such allowance shall be exempt from any lien, by judgment or execution, acquired against the property of the deceased spouse, and shall, in cases of testacy, be charged against the share of the surviving spouse."

The parties have cited no case and we can find none controlling the decision in this case. We believe the plain words of the statute control. The statute provides that the surviving spouse shall be entitled to property worth $2,000.00 from the "personal property of the deceased spouse." The appellant contends the insurance proceeds and funds paid to appellee from the joint bank account shall be included in this allowance. We cannot so hold. The proceeds from the insurance policy were paid to appellee in accordance with her rights under the insurance contract. This was not the "personal property of the deceased spouse." The proceeds from the joint bank account were paid to her under the terms of the contract setting up the account. This was also her property and not the "personal property of the deceased spouse."

---

In this case the fact that the deceased has left a will, under the terms of which his widow did not receive property from his estate, has created some confusion. The statute provides that when there is testacy the surviving spouse's allowance shall "be charged against the share of the surviving spouse." The appellant contends that the surviving spouse cannot take a greater amount than she received under the will. We do not believe the General Assembly intended that if the testator left a will under the terms of which the surviving spouse received nothing from his personal property, that the spouse was deprived of an allowance. Nor do we believe the General Assembly intended that if the deceased left a will under the terms of which the surviving spouse received only what she would have received by law as her own property, that the surviving spouse is deprived of an allowance from the deceased's personal property. We hold in this case that James L. Brown, having left a will under the terms of which his surviving spouse did not receive any legacy from his personal property, she can take her allowance out of his personal property, which would not include the proceeds from the insurance policy or her share of the joint bank account.

Affirmed.

Judges PARKER and ARNOLD concur.